RUPERT *v.* MILLER-PICKING CORPORATION

1. CONTRACTS—EXCLUSIVE SALES AGREEMENT—COMMISSION.

Judgment of no cause of action against plaintiff in action for commission on a sale which plaintiff claimed was included in his exclusive sales agreement with defendant affirmed, where the trial court properly found that the sale was not within plaintiff's exclusive contract because it was of equipment designed according to the customer's plans and specifications and included equipment not in defendant's list price pages, and the contract called for computation of plaintiff's commission using list price pages, and that plaintiff did not devote his best efforts to promote the sales of defendant.

2. CONTRACTS—EXCLUSIVE SALES AGREEMENT—COMMISSION.

Sale of equipment designed according to customer's plans and specifications and calling for equipment not included in defendant's list price pages was not within an exclusive contract that provided for plaintiff to be paid a commission computed as the difference between the billing price to the customer and the lowest allowable discount from current list price pages in effect at time of sale.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 March 6, 1969, at Grand Rapids. (Docket No. 4,562.) Decided March 27, 1969.

Complaint by J. Daniel Rupert against Miller-Picking Corporation, a foreign corporation, for

REFERENCES FOR POINTS IN HEADNOTES

[1] Right of agent or broker, employed to sell personalty on commission, to commissions on sales made or consummated by his principal or another agent. 12 ALR2d 1360.

[1, 2] 3 Am Jur 2d, Agency §§ 247–249.

breach of contract. Judgment of no cause of action. Plaintiff appeals. Affirmed.

*Brown & Colman,* for plaintiff.

*Fox, Thompson & Morris,* for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Plaintiff brought this action to recover damages for an alleged breach of contract by the defendant in refusing to pay commission on a sale which plaintiff alleges was included in his exclusive sales agreement with defendant. From a judgment of no cause of action, plaintiff appeals.

Plaintiff was the sales representative for defendant in western Michigan and northern Indiana for almost one year under a written contract. The contract made plaintiff defendant's exclusive representative, and it is this feature that gives rise to plaintiff's claim for a commission on a sale of a special-order air-conditioning unit for W. K. Kellogg Company. The trial court found that plaintiff did nothing to assist defendant on the Kellogg sale, and this finding is not clearly erroneous.

What plaintiff's exclusive contract was must be determined from the entire contract. A review of its terms discloses that plaintiff had the exclusive representation as to air-cooled chillers and roof-mounted air-conditioning equipment. Defendant was not bound on orders for such equipment until orders were accepted in writing by defendant at its home office. Plaintiff was to be paid a commission computed as the difference between the billing price to the customer and the lowest allowable discount from current list price pages in effect at time of sale.

The Kellogg sale covered equipment designed according to plans and specifications prepared by Kellogg and called for equipment not included in the list price pages of defendant. The trial court properly found the Kellogg sale was not within plaintiff's exclusive contract.

In addition, plaintiff's contract required him to devote his best efforts to promote the sales of defendant. This he did not do, as shown by the record and the findings of the trial court.

Affirmed with costs to defendant.